HEATHER E. WILLIAMS, Bar #122664
Federal Defender
ERIC V. KERSTEN, Bar #226429
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
KEVIN JAMES STRUTZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>KEVIN JAMES STRUTZ,<br><br>  Defendant. | Case No.  1:20-cr-00217-JLT-SKO<br><br>**STIPULATION TO VACATE STATUS CONFERENCE AND SET FOR TRIAL**<br><br>Date:    June 26, 2023<br>Time:   8:30 a.m.<br>Judge:  Hon. Jennifer L. Thurston |

The parties, through their respective counsel, David Gappa, Assistant United States Attorney, counsel for the government, and Eric V. Kersten, Assistant Federal Defender, counsel for the defendant, Kevin James Strutz, hereby stipulate that the status conference scheduled for July 20, 2022, may be vacated; and the matter set for trial on Monday, June 26, 2023, at 8:30 am, before the Honorable Jennifer L. Thurston.

1. This case is set for a status conference on Wednesday, July 20, 2022. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to

1. General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

2. On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through September 25, 2022. General Order 652 (E.D. Cal. June 27, 2022).

3. Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

4. Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted

such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

5. The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

6. The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

Strutz – Stipulation to Vacate Status Conference and set for Trial -3-

7. In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order. Specifically,

1. The grand jury returned a superseding indictment regarding this matter on April 8, 2021, alleging two counts of Stalking, in violation of 18 U.S.C. § 2261A (2)(B). Dkt 31. On April 14, 2022, the court issued an order directing the parties to "be prepared to select a mutually agreeable trial date at the next status conference." Dkt. 60.

2. The parties have since compared respective calendars and witness availability and met and conferred about available trial dates for both parties. The parties have also cleared the June 26, 2023, trial date with chambers. In light of these efforts, the parties ask the court to endorse their stipulation to set the commencement of trial on Monday, June 26, 2023, at 8:30 am. The parties estimate that trial should be completed within 3-4 full days.

3. The parties continue to be engaged in plea negotiations and are hopeful that an agreement might be reached that will eliminate the need for trial. If this matter is not resolved prior to trial, however, defense counsel will need additional time to investigate the case including potential defenses, hire and interact with experts, contact potential witnesses, complete its review of discovery and supplemental discovery, and communicate with Mr. Strutz. Counsel for the government will ensure that any additional information that it locates which should be produced under Rule 16 is indeed identified and produced.

4. The parties identified the June 26, 2023, trial date in light of analysis of relevant trial calendars, agent and other witness availability, as well as a reluctance to participate

absent evidence of their safety, as at least one of this matter's attorneys is a member of a vulnerable population group.

5. The parties therefore stipulate that the period of time from July 20, 2022, through June 26, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Counsel for defendant believes that failure to endorse the contents of this stipulation would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Respectfully submitted,
PHILIP A. TALBERT
United States Attorney

Dated: July 19, 2022
 /s/ David Gappa
David Gappa
Assistant United States Attorney

HEATHER E. WILLIAMS
Federal Defender

Dated: July 19, 2022
/s/ Eric V. Kersten
ERIC V. KERSTEN
Assistant Federal Defender
Attorney for Defendant
KEVIN JAMES STRUTZ

**O R D E R**

IT IS SO ORDERED:

(1) the status hearing currently set for Wednesday, July 20, 2022, is vacated; and

(2) trial is set to commence on Monday, June 26, 2023, at 8:30 am.

IT IS FURTHER ORDERED THAT the period of time from July 20, 2022 through June 26, 2023 is excluded under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because the Court has scheduled a trial at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: July 19, 2022                    *Sheila K. Oberto*
                                         Sheila K. Oberto
                                         United States Magistrate Court